## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE: ) | |
| ) | Case No.: 15-23947 |
| LINCOLN GILL ) | (Chapter 13 Case) |
| ANDREA UNDERWOOD GILL ) | |
|     Debtors ) | |
| _____ ) | |
| ) | |
| CASSANDRA GILL ) | Adversary No.: 16-00510 |
| 8510 Caswell Place ) | |
| New Carrollton, MD  20784 ) | |
|     Plaintiff ) | |
| v. ) | |
| ) | |
| LINCOLN GILL ) | |
| ANDREA UNDERWOOD GILL ) | |
| 13600 Old Marlboro Pike ) | |
| Upper Marlboro, MD  20772 ) | |
| ) | |
| -AND- ) | |
| ) | |
| SETERUS, INC. as authorized ) | |
| Subservicer for Federal National ) | |
| Mortgage Association ) | |
| ) | |
| -AND- ) | |
| ) | |
| CITIMORTGAGE, INC. ) | |
| ) | |
|     Defendants ) | |

### LINE ON ATTACHED SUMMARY JUDGMENT ORDER

CASSANDRA GILL (the "Creditor" or "Plaintiff"), by and through undersigned counsel, John D. Burns, Esq. and The Burns Law Firm, LLC, hereby files this Line on Attached Summary Judgment Order , and states as follows:

On August 29, 2018, the Court resolved summary judgment following a hearing on the merits.  The parties have exchanged several iterations of the proposed Order over the weeks that followed, and on Monday October 25, 2018, Plaintiff provided Seterus with a revised Order

that addressed certain concerns that were material to the Plaintiff and counsel.

Seterus did not comment further on the Order, and the undersigned believed that the Order attached hereto had been uploaded.  It was not uploaded and by oversight this was not remedied until today, after receiving an email from Chambers this week.  Undersigned counsel attempted to reach counsel for Seterus again today, but without success.  Consequently, this Line is uploaded with the proposed form of Order and Seterus may file its own line as its circumstances require.  A copy of the Order is attached as **Exhibit 1**.

The dispute involves the provision of the Order which allows for "fees and costs as may be allowed by this Court . . . such fees and costs constituting a part and parcel of the DSO that constitutes the Plaintiff's Allowed Judgment Lien."  Seterus has expressed its belief that the underlying judgment in 2004 did not include fees and costs.

The Creditor asserts that as the underlying judgment was an enforcement of a DSO (obligation in the nature of maintenance relating to use and possession of the Creditor in the home and outstanding child support), that fees and costs are a part of the DSO even if they would not be part of such an obligation under State law, as opined by Judge Mannes and Judge Derby.  *See, In re Blaemire*, 229 B.R. 665 (Bankr. Md. 1999); *In re Levin*, 306 B.R. 158, 162-163 (Bankr. Md. 2004) (attorneys fees in the nature of support are support for Title 11 purposes, whether or not they would have been under State law).  Even matters as remote as private school costs, with attorneys fees to enforce such a maintenance obligation, are in the nature of a DSO with attorneys fees as a component and actual part of the DSO.  *In re Evans*, 278 B.R. 408 (Bankr. Md. 2002). Accordingly, Creditor contends that the attorneys fees incurred in this civil litigation to enforce and obtain validity to the Judgment which was born of a DSO, are also a part of the DSO.

Pursuant to Local Rule 7054-2, ordinarily attorneys fees should be sought by

motion 21 days after entry of the Order or Judgment, and in this case given the complexity and issue presented the Creditor seeks 30 days for filing such a Motion to enhance and outline the bases for the enforcement attorneys fees and costs expended herein to be allowed as a portion of the DSO representing the debt memorialized by the Judgment from the Circuit Court for Prince George's County, MD.  Response periods are set forth in the Order.

The Creditor, accordingly, requests that the Bankruptcy Court enter the Order (which has contemporaneously been uploaded) and which is attached hereto, and Creditor shall seek its attorneys fees and costs which are a portion hereof and the Judgment within 30 days from entry of the Order to which these relate.

RESPECTFULLY SUBMITTED,

--------/S/  JDB-----------------------
_____
John D. Burns, Esquire (#22777)
The Burns Law Firm, LLC
6303 Ivy Lane; Suite 102
Greenbelt, Maryland  20770
(301) 441-8780
info@burnsbankruptcyfirm.com
Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

       I HEREBY CERTIFY THAT on this 13th day of December, 2018, a copy of the foregoing Line and Exhibit was served upon the following parties in interest:

**Via ECF:**
Office of the United States Trustee
6305 Ivy Lane; Suite 600
Greenbelt, MD 20770

Nancy Spencer Grigsby, Chapter 13 Trustee
185 Admiral Cochrane Dr.
Suite 240
Annapolis, MD 21401

Michael W. Tompkins
8100 Boone Blvd., Suite 600
Vienna, VA 22182

Christina Williamson
6003 Executive Blvd, Suite 101
Rockville, MD 20852

**Via Mail:**
Chris Wampler, Esquire
Wampler & Souder, LLC
14452 Old Mill Road; STE 301
Upper Marlboro, MD 20772

Lincoln Gill and Andrea Underwood Gill
13600 Old Marlboro Pike
Upper Marlboro, MD 20772

Paul Ince, CFO/Daniel P. Hoffman, Sr. VP
CitiMortgage, Inc.
4740 121st St.
Urbandale, IA 50323

                                            ------/S/ JDB-----------------------
                                            _____
                                            John D. Burns