

WENDELIN I. LIPP
U. S. BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | **Case No.: 15-23947** |
| **LINCOLN GILL** | ) | **(Chapter 13 Case)** |
| **ANDREA UNDERWOOD GILL** | ) | |
| **Debtors** | ) | |
| ──────────────────────── | ) | |
| | ) | |
| **CASSANDRA GILL** | ) | **Adversary No.: 16-00510** |
| | ) | |
| **Plaintiff** | ) | |
| v. | ) | |
| | ) | |
| **LINCOLN GILL,** *et al.,* | ) | |
| | ) | |
| **Defendants** | ) | |
| ──────────────────────── | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
MOTION FOR SUMMARY JUDGMENT**

UPON CONSIDERATION of the Motion for the Summary Judgment filed by Defendant Seterus, Inc., as authorized subservicer for Federal National Mortgage Association ("Fannie Mae"), a corporation organized and existing under the laws of the United States of America, c/o Seterus, Inc., and the response thereto, after notice and a hearing, for the reasons set forth on the record, it is HEREBY

ORDERED, that Fannie Mae, its successors and assigns, is awarded a $122,219.13 first priority lien by and through equitable subrogation against the Judgment of record of Plaintiff Cassandra Gill ("Plaintiff") and all other liens or interests of record if any; and it is further

ORDERED, that the lien and security interest of Fannie Mae is otherwise equitably subordinated to the Judgment lien of Plaintiff pursuant to 11 U.S.C. § 510(c) such that the subrogated lien and secured claim of Fannie Mae is limited as against the Prince George's Circuit Court Judgment in favor of the Plaintiff dated June 8, 2004 and docketed June 18, 2004 ("Plaintiff's Judgment") not to exceed the foregoing Fannie Mae allowed secured claim of $122,219.13; and it is further

ORDERED, that the Plaintiff's Judgment is a second priority filed secured claim and lien in the amount of $25,000.00 at the statutory rate of interest of ten percent (10.0%) per annum since June 18, 2004 until paid ("Plaintiff's Allowed Judgment Lien"); and it is further

ORDERED, that any remaining debt obligation owed by the Debtors to Fannie Mae shall be allowed as a third priority secured claim and lien following payment and satisfaction in full of the foregoing Plaintiff's Judgment; and it is further

ORDERED, that this Order does not affect the right, if any, of the Plaintiff to seek fees and costs against the Debtors in the main bankruptcy case; and it is further

ORDERED, that Motion for Summary Judgment is granted and denied to the extent and in accordance with the rulings contained herein, and this Order shall represent a final Order resolving this adversary proceeding.

cc:
Michael William Tompkins
Fidelity National Law Group
8100 Boone Boulevard
Suite 600
Vienna, VA 22182-2649

Christina M. Williamson
BWW Law Group, LLC
6003 Executive Boulevard
Suite 101
Rockville, MD 20852

John Douglas Burns, Esquire
The Burns Law Firm, LLC
6303 Ivy Lane, Ste. 102
Greenbelt, Maryland 20770

Office of the United States Trustee
6305 Ivy Lane, Suite 600
Greenbelt, Maryland 20770

Nancy Spencer Grigsby, Esquire
185 Admiral Cochrane Drive, Suite 240
Annapolis, Maryland 21401

Lincoln Gill
13600 Old Marlboro Pike
Upper Marlboro, Maryland 20772

Andrea Underwood Gill
13600 Old Marlboro Pike
Upper Marlboro, Maryland 20772

**END OF ORDER**